**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Stanley Sherman Jones,** | ) | **CASE NO. 1:06 CV 2282** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Cuyahoga County Board of** | ) | **Memorandum of Opinion and Order** |
| **Commissioners,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant's Motion for Summary Judgment (Doc. 14).  This is an employment discrimination case.  For the reasons that follow, the motion is GRANTED.

### FACTS

Plaintiff, Stanley Sherman Jones, filed this *pro se* action against defendant, Cuyahoga County Board of Commissioners, alleging that he was improperly terminated from his employment.

In 2005, defendant hired plaintiff as a Health & Nutrition Specialist.  Plaintiff was

1

assigned to Team 3530 as a probationary employee and was supervised by Lisa Mayfield.

According to the Complaint, defendant treated plaintiff with "bias" and did not afford him a fair opportunity to complete the probationary period because he is a male.

During orientation, plaintiff had six on the job training days with Mayfield during the probationary period. According to Mayfield, plaintiff had considerable difficulty performing the requested tasks. She personally observed that plaintiff was unable to learn important aspects of the job. On August 30, 2005, Mayfield met with plaintiff to discuss plaintiff's lack of progress. Mayfield also sent plaintiff a memo, which indicates that plaintiff was struggling with certain mandatory concepts necessary for successful job performance. The following month, plaintiff received a performance evaluation from the Professional Development Department, which is responsible for new-trainee orientation. The evaluation indicates that plaintiff was having difficulty developing proficiency in many key areas. In addition, the evaluation indicates that plaintiff did not taken advantage of "additional instructional" opportunities provided by defendant.

After the orientation period ended, plaintiff began working under Mayfield's supervision. Shortly thereafter, Mayfield received an evaluation regarding plaintiff's class performance during orientation. The evaluation provides that plaintiff is not capable of performing the job functions and does not have an understanding of the applicable computer programs. In addition, plaintiff was not able to complete "case inputs" even with one-on-one assistance and had difficulty with basic tasks, such as finding the "y" or "n" on his keyboard. At one point, plaintiff needed to switch from one computer application to another, and he mistakenly believed he needed to shut off his computer in order to do so. The evaluation also indicates that plaintiff

does not effectively transfer knowledge from one day to the next and is unable to complete tasks the rest of the class performs.  Plaintiff is disorganized and has difficulty following directions.  During a quiz, plaintiff asked the instructor to provide the "Medicaid need standard."  The instructor responded that the information could not be provided during the quiz.  The information had been provided to the class on at least six separate occasions, and plaintiff indicated that he could not locate the information anywhere.  On one occasion, plaintiff turned off his computer before class ended.  He was instructed to turn the computer back on in order to practice with the "Child Care Calculator."  Plaintiff indicated that he did not need any more practice because it was similar to a system he used to work with.

On November 9, 2005, plaintiff received a 120-day evaluation.  Again, the evaluation provides that plaintiff's work is unsatisfactory.  Out of a possible 100 points, plaintiff received a score of 26 and was deficient in seven of nine categories.  Plaintiff disagreed with the performance evaluation and refused to sign the document.  In light of plaintiff's difficulties in performing tasks, plaintiff was given a reduced case load.  After the evaluation, Mayfield met with plaintiff on a daily basis to discuss any issues or problems with case assignments.  Plaintiff did not show any significant improvement at his 200-day evaluation and again received a score within the "unsatisfactory/unacceptable" range.  Based on plaintiff's inability to perform the job functions, plaintiff was considered a "probationary failure" and was terminated effective February 7, 2006.

Thereafter, plaintiff filed a complaint with the EEOC alleging that he was discharged due to gender discrimination and retaliation.  On June 20, 2006, the EEOC issued a right to sue letter.  In turn, plaintiff filed this *pro se* lawsuit claiming that defendant wrongfully terminated plaintiff

"because he is male."  Defendant moves for summary judgment and plaintiff opposes the motion.

## **STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557,

562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

### **DISCUSSION**

The analytical framework governing discrimination claims under Title VII is well-established. Absent direct evidence, the plaintiff must first set forth a prima facie case showing that: 1) he is a member of a protected class; 2) he was qualified for the job; 3) he suffered an adverse employment decision; and 4) he was treated differently than similarly situated non-protected employees. *Newman v. Federal Exp. Corp.*, 266 F.3d 401, 406 (6th Cir. 2001) and *Jones v. The Goodyear Tire & Rubber Co.,* 2000 WL 1434628 (6th Cir. Sept. 22, 2000). Once the prima facie case has been made, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If the defendant satisfies this burden, the presumption of intentional discrimination no longer exists and the employee must then prove by a preponderance of the evidence that the defendant intentionally discriminated against plaintiff by showing that the legitimate reasons offered by the employer were mere pretext. *Hartsel v. Keys,* 87 F.3d 795 (6th Cir. 1996).

Defendant argues that it is entitled to summary judgment because plaintiff cannot establish a prima facie case. According to defendant, plaintiff was not qualified for the job. Plaintiff responds that he has ample qualifications to perform the tasks at hand. Specifically, he argues that he possesses a master's degree and over 30 years of pervious employment experience. In addition, plaintiff claims that his test scores were consistently high. According to plaintiff, his qualifications far exceed those of other probationary employees. Plaintiff also

points out that the State of Ohio awarded him unemployment compensation after concluding that plaintiff was "wrongfully terminated."

Upon review, the Court finds that defendant is entitled to summary judgment because plaintiff fails to present evidence from which a jury could conclude that he was qualified for the job as a Health and Nutrition Specialist.  Defendant points to a number of evaluations, all of which indicate that defendant could not perform the minimum qualifications for the job. Plaintiff offers no admissible evidence to the contrary.  Although plaintiff attaches various documents to his brief and presents arguments regarding his qualifications, none of what plaintiff submits constitutes admissible evidence.  For example, the documents plaintiff attaches are not authenticated pursuant to the Federal Rules of Evidence.  Accordingly, the Court finds that plaintiff fails to establish a prima facie case of discrimination because he has presented no admissible evidence from which a jury could conclude that he was qualified for the job.

In addition, defendant claims that plaintiff cannot establish that a similarly situated non-protected employee was treated differently.  Plaintiff must demonstrate that employees with whom he wishes to compare himself are "similarly-situated in all respects, absent other circumstantial or statistical evidence supporting an inference of discrimination." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir.1992)).  "This means a plaintiff must prove that all of the relevant aspects of his employment situation were nearly identical to those of the non-minority's employment situation."  *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 479 (6th Cir. 2003) (citations omitted) and *Strong v. Orkand Corporation,* 2003 WL 22976654 (6th Cir. Dec. 8, 2003).  Additionally, "as *Mitchell* instructs, a plaintiff must identify a person who has the same

6

supervisor, who was subject to the same standards of conduct, and who engaged in the same conduct without differentiating or mitigating circumstances." *Mallory v. Noble Correctional Institute*, 45 Fed.Appx. 463, 472 (6th Cir. Sept. 3, 2002).

Upon review of the materials submitted by plaintiff, the Court finds that he fails to present any evidence indicating that a similarly situated female employee was treated differently. Plaintiff wholly fails to respond to defendant's claim in any fashion and does not identify any similarly situated employee.

Having concluded that plaintiff fails to establish a prima facie case of discrimination, the Court need not reach defendant's arguments regarding pretext.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date:  8/09/07